UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 05-225-C-EJL |
| Plaintiff, ) | ORDER |
| vs. ) | |
| JOSE AVILA RUBIO, ) ESTEVAN JUAN MENDOZA, ) | |
| Defendants. ) | |

Pending before the Court in the above-entitled matter are motions to suppress filed by Defendants Estevan Juan Mendoza and Jose Avila Rubio.[1] The Government has responded to the motions and the matters are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Factual and Procedural Background**

On February 18, 2005, officers executed four search warrants on two vehicles and two residences in northern Idaho. During the search officers also searched the persons of Defendants Rubio and Mendoza. Officers discovered controlled substances on the person of Defendant Mendoza and found a large amount of money on the person of Defendant Rubio. As a result, the Defendants, Rubio and Mendoza, are charged with drug related crimes involving conspiracy to distribute, possession with intent to distribute, conspiracy to possess with intent to distribute, and possession of firearms in commission of drug trafficking crimes. (Dkt. Nos. 42, 77).

---

[1] There are other pending motions in this case that the Court will rule upon in due course.

ORDER - Page 1

**Analysis**

The Defendants' motions to suppress are virtually identical and allege that the search and seizure by officers was without reasonable suspicion nor probable cause that the automobile and/or occupants had committed or were about to commit a crime. The motions further state that the warrants possessed by the officers were defective and the searches were unreasonable. Accordingly, the Defendants ask that any and all evidence obtained be suppressed and, alternatively, that the charges be dismissed. The Government opposes the motions and argues the Defendants lack standing to challenge the search warrants and that the motions fail to raise a contested fact.

I.   <u>Standing</u>:

"[T]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." <u>Rakas v. United States</u>, 439 U.S. 128 (1978). "The 'capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place,' but rather 'whether the individual by his conduct has exhibited an actual (subjective) expectation of privacy,' and further, 'whether the individual's subjective expectation of privacy is one that society is prepared to accept as reasonable.'" <u>United States v. Caymen</u>, 404 F.3d 1196, 1199 (9th Cir. 2005) (quoting <u>Rakas</u>).

In this case the search warrants were for vehicles and residences owned by persons other than these Defendants. The only possible exception could be as to the 1993 Mitsubishi Eclipse that Defendant Mendoza was driving when he was arrested. The Eclipse, Washington license number 241RZA, is registered to a female in Kennewick, Washington at the same address as is reflected on Defendant Mendoza's drivers license return. While it is true that the Defendants need not have title to a property in order to assert a protectable Fourth Amendment claim, the Defendants here have offered no argument or alleged any facts establishing that they had an expectation of privacy in any one or more of the residences or vehicles that were the subject of the search warrants. As such, the Court will dismiss the motions as to any challenge to the validity of the warrants.

ORDER - Page 2

II.     Sufficiency of the Motions:

As to the Defendants' challenges of the searches of their person, the Court concludes that the motions fail to present sufficient detail as to the contested issues of fact. "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question. Evidentiary hearings should not be set as a matter of course, but only when the petition alleges facts which if proved would require the grant of relief. Therefore, a hearing is unnecessary when suppression is improper as a matter of law." United States v. Ai Le, 255 F.Supp.2d 1132, 1137 (E.D. Cal. 2003) (citations and quotations omitted).

"Rule 41(e), Federal Rules of Criminal Procedure, provides that the court 'shall receive evidence on any issue of fact necessary to the decision of the motion.' As this language implies, 'evidentiary hearings should not be set as a matter of course, but only when the petition alleges facts which if proved would require the grant of relief.' Suppression may be improper for a reason of law appearing on the face of the motion. Moreover, factual allegations which are general and conclusory or based upon suspicion and conjecture will not suffice, for 'claims that taint attaches to any portion of the Government's case must satisfy the trial court with their solidity and not be merely a means of eliciting what is in the Government's possession before its submission to the jury.'" Cohen v. United States, 378 F.2d 751, 760 (9th Cir. 1967) (citing Nardone v. United States, 308 U.S. 338, 342 (1939) (citations omitted). "The question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required." Cohen, 378 F.2d at 761 (citations omitted).

The motions filed by defense counsel in this case are insufficient as they lack supporting detail as to what conduct by the officers they are challenging or even as to which search warrant they are objecting. Further, there are no facts or details offered to support the Defendants' conclusions that the searches were illegal or unreasonable. Accordingly, the Court will dismiss the motions without prejudice.

**ORDER**

THEREFORE IT IS HEREBY ORDERED, that the Defendants' motions to suppress (Dkt. Nos. 33, 37, 47) are **DISMISSED WITHOUT PREJUDICE**. The March 27, 2007 hearing is **VACATED**. Counsel is directed to advise the Court if it intends to resubmit its motion with the proper supporting information on or before March 30, 2007.

DATED: **March 21, 2007**

Honorable Edward J. Lodge
U. S. District Judge

ORDER - Page 4