UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 05-225-C-EJL |
| ) | |
| Plaintiff, ) | MEMORANDUM ORDER |
| ) | |
| vs. ) | |
| ) | |
| JOSE RUBIO, ESTEVAN JUAN ) | |
| MENDOZA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court in the above-entitled matter are Defendants Jose Rubio and Estevan Mendoza's motions to dismiss. The Government has responded to the motions and the matters are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Factual and Procedural Background**

The original indictment in this case was filed on November 16, 2005. (Dkt. No. 1). Later a superseding indictment was filed (Dkt. No.42) and on October 5, 2006 the Government filed a second superseding indictment (Dkt. No. 77). The Defendants are charged with three counts of conspiracy to distribute methamphetamine, one count of possession with intent to distribute methamphetamine, one count of conspiracy to possess with intent to distribute methamphetamine, and possession of firearms in commission of drug trafficking crimes. (Dkt. No. 77). The Defendants filed motions to dismiss the charges as to each of the indictments alleging the same arguments in each motion.

MEMORANDUM ORDER - Page 1

**Analysis**

I.   Motion to Dismiss:

Defendants seek to dismiss all of the charges against them arguing that the indictment fails to comply with the requirements of Federal Rule of Civil Procedure 7(c), the conspiracy charge fails to plead the essential elements of the crime, the conspiracy charge is vague, and incorrect evidence was presented to the Grand Jury.[1]  The Government opposes each of these arguments.

Motions challenging the sufficiency of an indictment invoke Federal Rule of Criminal Procedure 7(c) which governs the nature and contents of an indictment and requires that "[t]he indictment...shall be a plain, concise and definite written statement of the essential facts constituting the offense charged...shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Fed. R. Crim. P. 7(c).  "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions." United States v. Ross, 206 F.3d 896, 899 (9th Cir. 2000) (citing United States v. Bailey, 444 U.S. 394, 414 (1980) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). "Two corollary purposes of an indictment are '(1) to ensure that the defendants are being prosecuted on the basis of facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment.'" Id. (quoting Buckley, 689 F.2d 893, 896 (9th Cir. 1982) (citations omitted)). "To serve each of these functions, the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985) (citing Russell v. United States, 369 U.S. 749, 763 (1962) (citations omitted)).

Defendants argue the conspiracy counts do not contain a sufficiently definite statement of essential facts as to the time frame alleged, where the crimes occurred, and as to who was

---

[1] The Defendants' motions seek dismissal of all charges, however, their arguments focus on only the conspiracy charges.  As such the Court will not address the motion as to the non-conspiracy charges.

MEMORANDUM ORDER - Page 2

allegedly involved in the conspiracies. In particular, Defendants point to the "anytime, anywhere, anyplace" language as failing to be sufficiently definite to apprise the Defendants of the charges they are facing. Defendants also argue the conspiracy counts fail to allege all of the elements of the offense. The element lacking, Defendants assert, is that the Defendants knew or had reason to know the other conspirators were involved with those with whom the Defendants directly conspired. Pointing again to the "anytime, anywhere, anyplace" language, the Defendants argue the indictment is faulty because it does not specify the "persons known or unknown" and where the conspiracy is alleged to have occurred.

Count One[2] of the Indictment alleges as follows:

> Beginning on or before October 2002, the exact date being unknown to the Grand Jury, and continuing to on or about July 31, 2003, both dates being approximate and inclusive, within the District of Idaho and elsewhere, the Defendants, JOSE AVILA RUBIO, ESTEVAN JUAN MENDOZA, WALTER JOHN PATE, and DEANNE MUSGRAVE did knowingly and intentionally combine, conspire and agree with each other and persons both known and unknown to the Grand Jury to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 846.

This language satisfies the Rule 7 requirements. "An indictment which tracks the offense in the words of the statute is sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved." United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981) (citation omitted). "An indictment under 21 U.S.C. § 846 (1976) is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy." Id. The indictment here tracks the language of the charging statutes, includes specific citations to the statutes, and fully sets for the elements of the offense. Further, Counts One, Two, Three, and Five each allege an identifiable time frame

---

[2] The other conspiracy counts are substantially similar in language to Count One with the exception of the dates, names, and drug quantities alleged in each.

MEMORANDUM ORDER - Page 3

for the charges,[3] name particular individuals with whom the Defendants are alleged to have conspired, and alleges that the conduct occurred in this District and elsewhere. (Dkt. No. 77). While the indictment contains the "anytime, anywhere, anyplace" language highlighted by the defense, this language does not render the indictment unduly vague or broad in light of the other charging language such that the Defendants have not been provided sufficient notice of the charges, the elements making up those charges, and protection from double jeopardy. Defendants' assertion that the indictment is based on false facts presented to the Grand Jury fails to provide any further basis or argument as to what facts or evidence are false. As such, the Court is unable to determine whether this argument has merit.

II.     Bill of Particulars:

To the extent these motions seek a bill of particulars the Court denies the request. Rule 7(f) provides that "[t]he court may direct the filing of a bill of particulars...as the court may permit." A bill of particulars should enable a defendant to prepare an adequate defense and to protect against a second prosecution for the same offense. United States v. Inryco, Inc., 642 F.2d 290, 295 (9th Cir. 1981) (citing Cook v. United States, 354 F.2d 529, 521 (9th Cir. 1965)). The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense and enable him to prepare an adequate defense. Duncan v. United States, 392 F.2d 539, 541 (9th Cir. 1968) (citing Remmer v. United States, 205 F.2d 277 (9th Cir. 1953)). It is designed to appraise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the Government. Id. at 1054 (9th Cir. 1983) (citing United States v. Giese,

---

[3] While an indictment that fails to allege any time period or has an "open ended" time period may be deficient, where, as here, the indictment contains a time period that is sufficiently specific to provide notice to the defense and protect the defendant from double jeopardy it satisfies Rule 7. See United States. v. McCown, 711 F.2d 1441, 1450 (9th Cir. 1983).

MEMORANDUM ORDER - Page 4

1  597 F.2d 1170, 1180 (9th Cir. 1979)).  Full discovery will obviate the need for a bill of particulars.
2  Id. (citing United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973)).  As determined above, the
3  indictment has properly advised the Defendants of the charges against them such that they are
4  protected against double jeopardy and any surprise at trial.  This coupled with the voluminous
5  discovery provided by the Government in this case, as detailed in the Government's responses to
6  these motions, makes clear that the Defendants have been well informed of the charges they face.
7  (Dkt. Nos. 39, 63, 236); See United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979).

**ORDER**

THEREFORE IT IS HEREBY ORDERED, that the Defendants' motions to dismiss (Dkt. Nos. 34, 38, 51, 220) are **DENIED**.

DATED: **August 6, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - Page 5