UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 05-225-C-EJL |
| ) | |
| Plaintiff, ) | MEMORANDUM ORDER |
| ) | |
| vs. ) | |
| ) | |
| JOSE RUBIO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pending before the Court in the above-entitled matter is Defendant Jose Rubio's supplemental motion to suppress or dismiss. The Government has responded to the motion and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Factual and Procedural Background**

On February 18, 2005, officers executed four search warrants on two vehicles and two residences in northern Idaho. During the search officers also searched the person of the Defendant Rubio and others. The Defendant was later charged with drug related crimes involving conspiracy to distribute, possession with intent to distribute, conspiracy to possess with intent to distribute, and possession of firearms in commission of drug trafficking crimes. (Dkt. Nos. 42, 77).

MEMORANDUM ORDER - Page 1

Defendant filed a motion to suppress which the Court initially dismissed the motions for lack of standing and lack of sufficient factual basis. The Court did, however, grant the Defendant leave to refile his motion which he has done and to which the Government has responded.

**Analysis**

The motion to suppress alleges that the warrant is defective and, therefore, the search, detention, and arrest are defective. Accordingly, the Defendant asks that any and all evidence obtained be suppressed and, alternatively, that the charges be dismissed. The Government opposes the motions and argues the Defendant lacks standing to challenge the search of the residence and that the warrants are valid.

I.   Standing:

The search warrant in this case was issued for vehicles and residences owned by persons other than the Defendant. Defendant Rubio challenges the search of the premises at 20852 Cedar Road, Culdesac, Idaho ("Culdesac home"). Though the Culdesac home is owned by Randy Luther, Defendant argues he has standing to raise his motion because he was an overnight guest and, as such, maintained an expectation of privacy in the premises. The Government contends that the Defendant has failed to demonstrate that he was an overnight guest and, regardless, that he has a privacy interest in the home sufficient to invoke Fourth Amendment protections.

"[T]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." Rakas v. United States, 439 U.S. 128 (1978). "The 'capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place,' but rather 'whether the individual by his conduct has exhibited an actual (subjective) expectation of privacy,' and further, 'whether the individual's subjective expectation of privacy is one that society is prepared to accept as reasonable.'" United States v. Caymen, 404 F.3d 1196, 1199 (9th Cir. 2005) (quoting Rakas).

The Defendant points to the affidavit filed in support of the search warrant arguing that it states that he was present in the house on the evening of February 17, 2005 and was discovered there on February 18, 2005 when the warrant was executed. This, he argues, evidences the fact that he was an overnight guest and, therefore, has standing to bring the motion; citing as support

MEMORANDUM ORDER - Page 2

Minnesota v. Olson, 495 U.S. 91 (1990). The Government points out that the affidavit does not go so far as to prove the Defendant stayed overnight at the residence but that he was present on both February 17, 2005 and February 18, 2005. Where the Defendant spent the night, the Government argues, is not proven. Moreover, the Government represents that the owner of the home, Randy Luther, told law enforcement that Defendant Rubio arrived on the day of the search with his luggage; suggesting that he had not spent the night at the home. (Dkt. No. 428, p. 4).

An overnight guest in a home may claim protection of the Fourth Amendment, but one who is merely present with consent of the householder may not. Minnesota v. Carter, 525 U.S. 83, 90-91 (1998). "If we regard the overnight guest in Minnesota v. Olson as typifying those who may claim the protection of the Fourth Amendment in the home of another, and one merely 'legitimately on the premises' as typifying those who may not do so, the present case is obviously somewhere in between." Id. The question of standing for Forth Amendment purposes turns on whether the individual had a legitimate expectation of privacy in the place or thing being searched. United States v. Paopao, 469 F.3d 760, 764 (9th Cir. 2006); see also Minnesota v. Carter, 525 U.S. at 88 ("[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable[.]").

The Defendant has failed to establish that he was in fact an overnight guest at the Culdesac home. United States v. Armenta, 69 F.3d 304 (9th Cir. 1995) ("bald assertion that he was an overnight guest... is not sufficient to establish that he had a legitimate expectation of privacy in the house."). Even if the Defendant did stay one night in the residence, that fact alone is insufficient to demonstrate a legitimate expectation of privacy in the home. Accordingly the Court finds the Defendant has failed to establish that he possessed a legitimate expectation of privacy in the home. The search warrant, however, also directs that officers were allowed to search the person of the Defendant. The Defendant clearly has standing to challenge the search of his own person. As such, the Court will consider the validity of the warrant.

MEMORANDUM ORDER - Page 3

II.     Issuance of the Warrants:

      A.      Sufficiency of the Motion:

As with the Defendant's first motion, which the Court dismissed, the Defendant has again utterly failed to provide any basis or support for his argument that the warrant was defective. The Court made it abundantly clear in dismissing the first motion that more is required of counsel when filing a motion. (Dkt. No. 386). As the Court previously stated: "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question. Evidentiary hearings should not be set as a matter of course, but only when the petition alleges facts which if proved would require the grant of relief. Therefore, a hearing is unnecessary when suppression is improper as a matter of law." United States v. Ai Le, 255 F.Supp.2d 1132, 1137 (E.D. Cal. 2003) (citations and quotations omitted). "The question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required." Cohen v. United States, 378 F.2d 751, 761 (9th Cir. 1967).

      B.      Jurisdiction:

Defense counsel has waited until the reply briefing to advance his argument that the issuing judge was without jurisdiction to issue a search warrant on tribal land. This argument is based solely upon the fact that the Culdesac home is located in Indian Country. Jurisdiction over crimes occurring on Indian Country is not so simply explained. See State v. Mathews, 986 P.2d 323, 333 (Idaho 1999) ("Criminal jurisdiction over Indians is divided among federal, state, and tribal governments. A determination of whether one or more of these sovereigns possesses criminal jurisdiction in a particular instance depends upon the type of offense committed, where the offense was committed, and whether either the perpetrator or the victim is Indian."). The search warrant in this case was issued in pursuit of evidence of an alleged drug distribution conspiracy occurring in the Lewiston Clarkston Valley and Pasco, Washington; not solely on Indian Country. There is

MEMORANDUM ORDER - Page 4

no indication that the individuals named in the warrant are members of an Indian Tribe. Accordingly, the State of Idaho had jurisdiction over the underlying crime and the authority to issue a search warrant for an area within the Indian Reservation. <u>Mathews</u>, 986 P.2d at 336 ("Where a state court has jurisdiction over the underlying crime which was committed on an Indian reservation, the state court has jurisdiction to issue a warrant to search an area within the exterior boundaries of the reservation...The Supreme Court has also recognized that a state, even absent a Congressional delegation of jurisdiction over crimes occurring within Indian country, may exercise jurisdiction over a crime committed within Indian country by non-Indians against non-Indians.").

      C.     <u>Sufficiency of the Warrant</u>:

To the extent the Defendant challenges whether the warrants were supported by probable cause the Court relies upon its ruling on the co-Defendant Mendoza's motion to suppress. There the Court concluded that the affidavit supporting the warrants contained sufficient information to support the judge's probable cause determination. The issuing judge had a substantial basis upon which to determine probable cause existed. The affidavit provides a consistent set of facts corroborated by numerous witnesses as to the connection between the residences, the vehicles, and the individuals which are the subject of the warrants. Though some of the statements may be hearsay, the issuing judge could properly consider the statements so long as the judge is informed of the underlying circumstances supporting the affidavit. See <u>United States v. Bridges</u>, 344 F.3d 1010, 1015 (9th Cir. 2003) ("an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, so long as the magistrate is informed of some of the underlying circumstances supporting the affiant's conclusions...."). "In making its determination, "the court issuing the warrant is entitled to rely on the training and experience of police officers." <u>United State v. Parks</u>, 285 F.3d 1133, 1142 (9th Cir. 2002) (citation omitted). Further, the affidavit provided a proper basis upon which the judge was able to draw "reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." <u>United States v. Elliott</u>, 322 F.3d 710, 717 (9th Cir. 2003) (citing <u>United States v. Angulo-Lopez</u>, 791 F.2d 1394, 1399 (9th Cir.1986)).

MEMORANDUM ORDER - Page 5

**ORDER**

THEREFORE IT IS HEREBY ORDERED, that the Defendant's motions to suppress (Dkt. No. 416) is **DENIED**.

DATED: **August 7, 2007**



_____
Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - Page 6